UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LAWRENCE GOLINI

       Plaintiff,

v.

                                                                    ACTION NO. 2:10cv525

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

       Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. §§ 405(g), seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") to deny his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference filed April 5, 2011. The undersigned recommends that the decision of the Commissioner be AFFIRMED.

## I. PROCEDURAL BACKGROUND

On February 8, 2006, Plaintiff Lawrence Golini filed an application for a period of disability and DIB (R. 102-06), alleging that he had been disabled since July 28, 2005, due to a degenerated disk in his neck and constriction on the lower colon due to cancer surgery. R. 125. The Commissioner denied Plaintiff's application initially (R. 72-76), and upon reconsideration (R. 78-80). Plaintiff received an administrative hearing on May 8, 2008. R. 28-69. The Administrative Law Judge ("ALJ") issued a written decision denying Plaintiff's claim on May 30, 2008. R. 14-27.

On January 29, 2010, the Appeals Council denied Plaintiff's request for review (R. 6-8), which rendered the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed the instant action for judicial review pursuant to 42 U.S.C. § 405(g). This case is now before the Court for disposition of the parties' cross-motions for summary judgment (ECF Nos. 8 and 11).

## II. FACTUAL BACKGROUND

None of the facts are disputed in this case. Plaintiff was born in 1953. R. 102. He has past work experience as a seaman and a self-employed fisherman and last worked on July 28, 2005. R. 117-18, 125-26, 170. Plaintiff is claiming disability due to degenerative disc disease in his neck and constriction of his lower colon due to past cancer surgery. R. 102-06, 125. The cancer surgery led to a constriction in Plaintiff's lower colon which has resulted in further treatments to ameliorate the constriction. R. 189-211. Plaintiff's degenerative disc disease caused chronic neck and back pain which limited his ability to sit or stand for prolonged periods of time. R. 214-15. These medical conditions have forced Plaintiff to have a limited ability to lift, bend, stand, or sit for prolonged periods of time. R. 125.

Plaintiff last met the insured status requirements of the Act on December 31, 2005 (R. 17,

107), and, therefore, must establish that he was disabled on or before this date in order to be entitled to period of disability and DIB.  42 U.S.C. §§ 423(a)(1), (c)(1); 20 C.F.R. §§ 404.101, .131 (2011).  The period at issue is July 28, 2005, Plaintiff's alleged disability onset date, through December 31, 2005, Plaintiff's date last insured.  R. 17, 32, 102, 107.

At the ALJ hearing, an impartial vocational expert ("VE") testified that Plaintiff could perform unskilled light work as a mail clerk, cashier, and information clerk.  R. 26, 58.  The ALJ asked the following question:

> "…if I find, Ms. Sims, that he needs to have simple routine and unskilled jobs, low stress in nature and concentration and memory, is able to attend task and complete schedules, however, and would be mildly limited as to his ability to perform ADLs, interact socially, to maintain concentration, persistence, and pace, and if I find that he can lift 10 pounds and occasionally 20 pounds, frequently, 20 on occasion and sit for 30 minutes, stand for 10 minutes consistently on an alternate basis during an eight hour day, five days a week, would have to avoid heights and hazardous machinery, temperature, humidity extremes … no prolonged climbing, balancing, stooping, and by that I mean no more than once or twice an hour, avoid vibrations, but with those limitations, would seem to be able to do light work activities, could you give me jobs that would exist in the national economy, in your opinion, in significant numbers?" R. 57-58.

The VE answered the question by stating:

> "Yes, Your Honor.  I would indicate the light unskilled mail clerk, non-postal.  In the region, there'd be approximately 300 jobs.  In the national economy, there'd be approximately 1,000.  I would also indicate a light unskilled cashier, and I'm describing cashiers not, more associated with office [inaudible] be a resident parking garage or in a restaurant or [inaudible] or in a dining room or in an office [inaudible] and in the region, there'll be approximately 1,200 jobs … in the national economy, there'd be approximately [inaudible], and I would also indicate light unskilled information clerk, and in the region there'll be approximately 350 jobs.  In the national economy, approximately 190,000." R. 58.

In response to the ALJs definition of the sit/stand limitation,[1] the VE testified to specific light jobs that can be performed despite Plaintiff's limitations.  R. 58-59.  Further, the VE confirmed

that each of these occupations was listed in the *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. 1991) (DOT), as light, unskilled occupations. R. 58. The VE acknowledged that the sit/stand option was not addressed in the DOT; however, she confirmed that each of these occupations allowed a sit/stand option on the basis indicated by the ALJ. R. 58-59. The VE explained that the light work category is wide and it encompasses light jobs where the individual may be lifting five, ten, fifteen, or twenty pounds or where the individual may be standing two, four, or six hours. R. 64-65. Further, the VE rejected Plaintiff's attorney's suggestion that the reason the occupations she suggested were light was because they required standing up to six hours. R. 64. She explained that the light work category encompassed a variety of factors and could include some occupations where the individual would be lifting less than twenty pounds or sometimes standing as little as two hours. R. 64-65.

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of July 28, 2005 through the date last insured of December 31, 2005. R. 19. Further, the ALJ determined that Plaintiff's degenerative disc disease, anastomotic stricture status-post cancer, and depression were severe impairments, but not severe enough to equal any of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. R. 19-22. The ALJ found that despite the limitations arising from the Plaintiff's impairments, he retained residual functional capacity ("RFC") to perform a limited range of light work through his date last insured. R. 22. The ALJ found Plaintiff was limited to a wide range of light work, not a "full range" of light work. R. 22. The ALJ stated:

> "After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except limited to simple, routine, unskilled jobs, which are low stress in nature …

>lift ten pounds frequently and twenty pounds occasionally, sit for thirty minutes and stand for ten minutes consistently on an alternating basis throughout an eight-hour day five days a week[.]" R. 22.

Further, at the fourth step of the sequential evaluation process, the ALJ determined that Plaintiff's RFC prevented him from performing his past relevant work. R. 25. Finally, the ALJ determined that, given Plaintiff's RFC for a wide range of light work and vocational profile, he could make a vocational adjustment to other work that existed in significant numbers in the national economy. R. 26-27. Since Plaintiff's limitations allowed him to make a successful transition to other work, the ALJ determined that Plaintiff was not under a disability, as defined in the Act. R. 26-27.

### III. STANDARD OF REVIEW

In reviewing a decision of the Commissioner denying benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g) (2006); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. of N. Y. v. NLRB, 305 U.S. 197, 229 (1938)). It consists of "more than a mere scintilla" of evidence, but may be somewhat less than a preponderance. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hays, 907 F.2d at 1456. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's]

designate, the ALJ)." Craig, 76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. Thus, reversing the denial of benefits is appropriate only if either (A) the ALJ's determination is not supported by substantial evidence on the record, or (B) the ALJ made an error of law. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## IV. ANALYSIS

To qualify for a period of disability and DIB under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, an individual must meet the insured status requirements of these sections, and be under a "disability" as defined in the Act. The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under Title II of the Act as:

> an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. §§ 423(d)(1)(A) and 416(i)(1)(A); see also 20 C.F.R. § 404.1505(a)(2011). To meet this definition, the claimant must have a "severe impairment"[2] which makes it impossible to do previous work or any other substantial gainful activity that exists in the national economy.[3] 20 C.F.R. § 404.1505(a); see also 42 U.S.C. § 423(d)(2)(A).

The regulations promulgated by the Social Security Administration provide that all

---

[2] The regulations define a severe impairment as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities . . . ." 20 C.F.R. §§ 404.1520(c), 416.920(c).

[3] The Administration may satisfy its burden by showing that considering the claimant's residual functional capacity, age, education and work experience, the claimant is either disabled or not disabled based on medical-vocational guidelines, or "grids", published at 20 C.F.R., Pt. 404, Subpt. P, App. 2 (2011). However, technical application of the grids is not always appropriate, and thus the Commissioner must rely on the testimony of a vocational expert to determine whether an individual claimant is in fact capable of performing substantial gainful activity available in significant numbers in the economy. 20 C.F.R. § 416.920(f); § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 466 (1983); SSR 83-10.

material facts will be considered to determine whether a claimant has a disability. The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled. The ALJ must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment that prevents him from any substantial gainful employment. An affirmative answer to question one, or a negative answer to question two or four, results in a determination of no disability. An affirmative answer to question three or five establishes disability. This analysis is set forth in 20 C.F.R. §§ 404.1520.

Plaintiff argues to this Court that ALJ Benitz erred in making a finding of "not disabled." Plaintiff argues that under the Medical-Vocational Guidelines (MVG), he should have been found to be "disabled" and should be awarded benefits. Pl.'s Mem. Supp. Summ. J. at 10-11, ECF No. 9. The sole issue is whether Plaintiff's condition allows him to work in the "light" RFC range.

A. **ALJ's RFC finding was Correct**

Plaintiff argues that the ALJ improperly used the "light" RFC work range to conclude that he was not disabled. Pl's. Br. at 4-6. However, the VE testified that Plaintiff had the ability to work in a broad range of "light"[4] jobs that were available in the national economy. R. 57-58. Plaintiff concludes that because the ALJ determined that a sit/stand option was a necessary limitation, this limited him to sedentary jobs.[5] However, there are many "light" work jobs which

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling or arm or leg controls." 20 C.F.R § 404.1567.

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain

are conducive to the sit/stand limitation. Thus, the ALJ's holding that Plaintiff is capable of having a "light" RFC range job is correct.

Because Plaintiff's exertional RFC does not directly match any specified exertional range, the grids are not determinative. In this case, the grids should be used as a guidepost for determining Plaintiff's exertional ability. 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(d); Social Security Ruling (SSR) 83-12, 1983 WL 31253 (S.S.A.). The ALJ used these guidelines to conclude that Plaintiff is limited to a wide range of light work[6] and, thus, is not disabled. R. 22. Plaintiff's contention that the ALJ did not consider his work-related abilities on a "function-by-function" basis is also erroneous. Pl's Br. at 9. The ALJ considered a variety of physical and mental functions when determining if Plaintiff was able to work. R. 22-25.

The Plaintiff is incorrect in his assertion that the ALJ is turning a sedentary RFC into a light work RFC. Pl's Br. at 9. Further, because of Plaintiff's need to alternate between sitting and standing, he is likely unable to do long periods of sedentary work. Light jobs are different from sedentary jobs primarily because of the weight lifting requirement. Lee v. Sullivan, 945 F.2d 687, 693 (4th Cir. 1991). In Lee, the court held that the ALJ properly adjusted the "light" work requirement. Id. Other courts have affirmed the ability of an ALJ to adjust RFCs. See Moore v. Astrue, No. 10-1242-SAC, 2011 WL 1885940, at *2 (D. Kan. 2011) (stating that the ALJ can assign an RFC of a less than full range of light work); see also Washington v. Astrue, No. 0:08-cv-03170-GRA, 2010 WL 45529, at *2 (D.S.C. 2010). There are many light jobs that can be performed in which the majority of time is spent sitting. 20 C.F.R. § 404.567(a), (b) (stating that the classification of a "light" workload is not determined by the amount of time

---

amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking or standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

[6] The ALJ found that Plaintiff needed to alternate sitting for thirty minutes and standing for ten minutes. Def. Mem. at 10.

8

spent sitting but rather by the individual's weightlifting capacity). Plaintiff's ability to work while alternating between a standing and sitting position allows him to perform a limited range of light work. Santiago v. Barnhart, 367 F. Supp. 2d 728, 733 (E.D. Pa. 2005) (stating that a limited light work range is possible when the plaintiff can perform some of the requirements for an exertional range). For this reason, Plaintiff was properly found to have the ability to perform a wide range of light work. R. 22.

The ALJ also properly relied on the VE. A VE should be used when there is not a clear-cut exertional range that can be applied by the grids. See SSR 83-12, 1983 WL 31253, at *3; see also Lee, 945 F.2d at 691-92 (stating that a VE is necessary to determine a plaintiff's RFC); Green v. Barnhart, No. 7:06cv20030, 2007 WL 151823, at *2 (W.D. Va. 2007) (stating that the ALJ can rely on the testimony of a vocational expert to help determine a plaintiff's RFC).

**B. Vocational Expert Correctly Defined the Agency's Policy**

The Vocational Expert correctly defined the policy regarding the differences between the work exertion categories. The sit/stand option has been recognized by the Fourth Circuit where there are light exertion jobs which allow for the option. See Walls v. Barnhart, 296 F.3d 287, 291 (4th Cir. 2002) (stating that jobs exist in the economy in which the employee may alternate between sitting and standing); see also Gibson v. Astrue, No. 3:10CV226, 2010 WL 4789659 (E.D. Va. 2010) (unpublished report and recommendation) (stating that there are a significant number of jobs in the national economy in the "light" work RFC that allow for the sit/stand option). Therefore, the VE's statement that the sit/stand option is in line with the DOT criteria properly defines the agency's policy. R. 58-59.

Further, the VE was properly used to ascertain the amount of limited light work jobs in the national economy. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989); see also Johnson,

434 F.3d at 659. When the grids cannot be exclusively relied on to show "conclusively that claimant is not disabled . . . it will be incumbent upon the Secretary to prove by expert vocational testimony" a finding of not disabled. See Walker, 889 F.2d at 50 (citing Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975)). In this case, the VE identified a variety of jobs that fit under the limited light work category that would allow for a sit/stand option. R. 58-59. These jobs do not necessitate the considerable amount of standing that the normal full-range light work jobs entail. R. 65. However, Plaintiff is incorrect in his assertions that the jobs listed by the VE required standing up to six hours. R. 64. In fact, there are some light work jobs that require standing less than two hours per day. R. 64-65 (The VE stated that "sometimes the person may be standing two hours, four hours, six hours but it's really kind of a category that catches everything that falls sedentary but less than medium. So, there's a lot of leeway in that way area.").

Plaintiff's contention that the VE was relying on an assumption that Plaintiff could complete light work is erroneous. The ALJ followed protocol outlined by the Fourth Circuit including affording the proper weight to the testimony of the VE and using the testimony to determine Plaintiff's RFC. See Johnson, 434 F.3d at 659. The ALJ properly questioned the VE by asking whether an individual in Mr. Golini's condition had the RFC to perform light work if the sit/stand option was available. Id. Further, the ALJ appropriately informed the VE of the sit/stand and lifting limitations. R. 57-58. The VE then listed light work jobs which took into consideration the limitations listed by the ALJ. In accordance with Walker, the ALJ correctly used the VE testimony to determine that light jobs are available in the national economy that fit Plaintiff's specific work limitations. See Walker, 889 F.2d at 50-51 (stating that the purpose of VE testimony is to assist the ALJ in determining if there are jobs in the national economy which the claimant can perform). Thus, the ALJ properly applied grid rule 202.14 as a framework for

10

Plaintiff's residual functional capacity and correctly held that Plaintiff could perform other work. See Gibson v. Astrue, No. 3:10CV226, 2010 WL 4789659 (E.D. Va. 2010) (depicting how the grids do not have to be rigidly applied to determine the RFC of a claimant). The holding of not disabled is supported by substantial evidence on the record and the proper legal standard was applied when evaluating the evidence. 42 U.S.C. § 405(g) (2006).

## V. RECOMMENDATION

For the foregoing reasons, the Court recommends that the final decision of the Commissioner be AFFIRMED. It is further recommended that Plaintiff's Motion for Summary Judgment (ECF No. 8) should be DENIED, and Defendant's Motion for Summary Judgment (ECF No. 11) be GRANTED.

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this

court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).

                                                                                   /s/

                                                                         Tommy E. Miller
                                          UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 16, 2011

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Robert Wayne Gillikin, II
Rutter Mills LLP
160 W Brambleton Avenue
Norfolk, VA 23510

Lawrence Richard Leonard
United States Attorney Office
101 W Main Street
Suite 800
Norfolk, VA 23510

                Fernando Galindo, Clerk

             By _____

               Deputy Clerk

               August  , 2011